## UNITED STATES v. WESTERN UNION TELEGRAPH CO.

(Circuit Court of Appeals, Second Circuit.   March 10, 1921.)

### No. 243.

Appeal and error ⬤⟶1176(6)—Bill ordered dismissed on affirmance of denial of temporary injunction involving only questions of law.

Where an order denying a temporary injunction must be affirmed, and only questions of law are involved, the case will be finally disposed of by directing the court below to dismiss the bill.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by the United States against the Western Union Telegraph Company for an injunction and other relief. A motion for a preliminary injunction was denied (272 Fed. 311), and complainant appeals. Affirmed, with directions to dismiss the bill.

Francis G. Caffey, U. S. Atty., of New York City (Earl B. Barnes, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Rush Taggart, Joseph P. Cotton, and Francis R. Stark, all of New York City, for appellee.

Before WARD, HOUGH, and MANTON, Circuit Judges.

PER CURIAM. The Western Union Telegraph Company, a corporation of the state of New York, entered into a contract with the Western Telegraph Company, Limited, a British corporation, whereby the American company agreed to lay a submarine telegraph cable between the Island of Barbados, West Indies, and a point on Miami Beach, on the east coast of Florida, and the British company agreed to lay a cable from Brazil to Barbados, to be there connected with the cable of the American company. The British company has an interport monopoly of ocean cable communication given it by the government of Brazil, which excludes American companies from operating cables directly from the United States to Brazil. When the Western Union Telegraph Company was about to land the American end of its cable at Miami Beach, the President forbade its doing so, and has actually prevented the landing by means of United States naval vessels. The end of the cable is now buoyed a little more than a marine league from Miami Beach.

Thereupon the Western Union Telegraph Company, which has three cables from Key West, Fla., to Cojimar, Cuba (one laid upon the Ft. Taylor military reservation under a permit of the Secretary of War dated January 4, 1917, and the other two laid without permit), proposed to splice one of these cables into its uncompleted cable and to deliver messages from the United States to the British cable company in the West Indies, to be resent to destination, and vice versa to receive from the British company messages for the United States and resend them over its own cable. The President has revoked the permit here-

tofore granted for one of the cables between Key West and Cojimar, and has transmitted a permit to the Western Union Telegraph Company for all three cables, which the Western Union Telegraph Company has refused to accept.

The United States filed a bill in equity in the United States District Court for the Southern District of New York, asking, among other things, for a preliminary injunction to prevent the landing of the cable at Miami Beach, and also to prevent the sending of messages originating in or addressed to Brazil over the Key West-Cojimar cable, which motion was denied and this appeal taken, under section 129 of the Judicial Code (Comp. St. § 1121).

Concededly the right to permit or to prohibit the landing of cables between foreign countries and the American coast is in Congress, under its power to regulate commerce between the states and between the states and foreign countries. In point of practice Congress on several occasions has done so by acts of Congress, and sometimes the President has done so as Chief Executive, and sometimes cables have been laid by corporations without any permit at all. We think no practice has been established sufficient to sustain the contention that the President has such power as Chief Executive, and our inclination also is to think that the Western Union Telegraph Company has the right to land its cable on the beach near Miami, Fla., under the Post Road Act (19 Stat. 319).

However, as there is a necessity for getting this important case before the Supreme Court before it rises, the order of Judge Augustus N. Hand, denying the preliminary injunction, is affirmed, and, only questions of law being involved, we dispose of the case finally by directing the court below to dismiss the bill; any question as to stay being within its discretion.